

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
APR X 3 2008
Apr 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| AMY STACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 08cv1925 |
| ) | JUDGE DOW, JR. |
| CITY OF BURBANK, a Municipal Corporation ) | MAG. JUDGE COLE |
| and OFFICER MARK METELSKI, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF REMOVAL

NOW COME the defendants, the CITY OF BURBANK and OFFICER MARK METELSKI, by and through their attorneys, LOUIS F. CAINKAR, LTD., and pursuant to 28 U.S.C. §1441, §1443, and §1446, seek removal of the instant action to this court. In support of the instant notice of removal, defendants state as follows:

1.  The instant civil rights action was filed against the defendants on March 14, 2008, in the Circuit Court of Cook County, Illinois, as Case No. 08 L 2915. A copy of the complaint is attached hereto as Exhibit "A."

2.  The Count VII of the complaint purports to allege a violation of the plaintiff's civil rights by the defendants and is brought pursuant to the provisions of 42 U.S.C. §1983, as well as state law claims.

3.  The instant action is a civil one for which the United States District Court would have original jurisdiction under 28 U.S.C. §1331.

4. Defendant attaches Exhibit "A" as including all pleadings served upon it in the underlying action.

WHEREFORE, defendants respectfully request that this cause be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

S/_____Joseph Cainkar_____
One of Their Attorneys

Joseph Cainkar - 06281109
LOUIS F. CAINKAR, LTD.
Attorneys for the Defendants
30 North LaSalle Street - #3922
Chicago, Illinois 60602-3333
(312) 236-3985

### CERTIFICATE OF SERVICE BY REGULAR MAIL

I, the undersigned, an attorney, on oath state: I served this Notice of Removal by mailing a copy of the same via U.S. Mail to the below-mentioned attorney(s) at the address(es) shown on April 3, 2008.

S/_____Joseph Cainkar_____
One of Their Attorneys

**Service List:**

Richard J. Rosenblum
RUBIN, MARCHADO & ROSENBLUM, LTD.
120 W. Madison Street, Suite 400
Chicago, IL 60602

#07-312 EMR/RJR/cmb

## IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| AMY STACK, | ) |
| Plaintiff, | ) ) ) ) |
| -vs- | ) No. |
| CITY OF BURBANK, a Municipal Corporation and OFFICER MARK METELSKI | ) ) ) ) |
| Defendants. | ) ) |

### COMPLAINT AT LAW

NOW COME the Plaintiff, AMY STACK, by and through her attorneys, RUBIN, MACHADO & ROSENBLUM, LTD., and complaining against the Defendants, CITY OF BURBANK, a Municipal Corporation, and OFFICER MARK METELSKI, allege as follows:

### COMMON FACTUAL ALLEGATIONS

1. The Plaintiff, AMY STACK, is and at all times relevant herein, was a resident of the County of Cook and State of Illinois.

2. The defendant, CITY OF BURBANK ("BURBANK"), is, and at all times relevant herein was, a Municipal Corporation, organized and existing under the laws of the State of Illinois. BURBANK is located in the County of Cook and State of Illinois.

3. At all relevant times herein, the Defendant, OFFICER MARK METELSKI ("METELSKI") was a sworn member of the BURBANK Police Department and was acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant, BURBANK, and the State of Illinois, under the authority of his office and within the scope of his employment as a police officer.



4.   At all relevant times Officers Coakley, and Hansen were sworn members of the BURBANK Police Department and were acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant, BURBANK, and the State of Illinois, under the authority of his office and within the scope of their employment as police officers.

5.   At all relevant times herein, Officer Brongiel was a sworn member of the Alsip Police Department and was acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of the Village of Alsip, and the State of Illinois, under the authority of his office and within the scope of his employment as a police officer.

6.   On May 11, 2007, the Defendant, METELSKI, along with Officers Brongiel, Coakley and Hansen engaged in surveillance of a 2002 tan Toyota Camry ("CAMRY") which was allegedly stolen and had allegedly been used in a burglary.

7.   Said surveillance began while the CAMRY was parked in the 9800 block of South Nottingham in the City of Chicago Ridge.

8.   During the time the CAMRY was parked METELSKI observed an unknown female, later identified as the plaintiff herein, AMY STACK, enter the passenger side of the CAMRY.

9.   METELSKI then observed Thomas Perconti, a suspect in the burglary and vehicle theft, enter the CAMRY.

10.  METELSKI, Coakley and Brongiel began to follow the CAMRY as it traveled onto northbound Harlem Avenue until it exited onto westbound 95th Street in Oak Lawn, Illinois.

11.  As the CAMRY proceeded westbound on 95th Street, METELSKI made the decision to attempt to "box" the CAMRY with his vehicle, the vehicle driven by Officer Brongiel and the vehicle driven by Officer Hansen.

2

12. All of the police vehicles involved in the occurrence were unmarked.

13. METELSKI positioned his vehicle in front of the CAMRY, while Officer Brongiel positioned his vehicle on the driver's side of the CAMRY and Officer Hansen positioned his vehicle on the passenger's side of the vehicle.

14. The intent of METELSKI was to surround the CAMRY with the unmarked police vehicles.

15. When the unmarked police vehicles were positioned as indicated above METELSKI exited the driver's side of his vehicle and positioned himself next to the driver's side fender of the CAMRY while displaying his weapon.

16. The driver of the CAMRY, Thomas Perconti, began to turn the wheel of the CAMRY at which time METELSKI discharged his weapon eight times into the CAMRY.

17. As a result of METELSKI'S discharge of his weapon, the plaintiff, AMY STACK, was struck by a bullet.

## COUNT I – BATTERY

### (METELSKI)

1. through 17. Plaintiff adopts and realleges Paragraphs 1 - 17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 17 inclusive of Count I, as though fully set forth herein and incorporate the same by reference.

18. The conduct and force used by METELSKI toward the Plaintiff, AMY STACK, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

3

19. As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

20. The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, AMY STACK, respectfully requests judgment against the Defendant, OFFICER MARK METELSKI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT II – ASSAULT

### (METELSKI)

1. through 17. Plaintiff adopts and realleges Paragraphs 1 - 17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 17 inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

18. The Defendants' conduct placed Plaintiff, AMY STACK in apprehension of immediate and imminent harm to her well being and safety, and she suffered great shame and humiliation and injury to her dignity and feelings, upsetting her mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, AMY STACK, respectfully requests judgment against the Defendant, OFFICER MARK METELSKI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

4

## COUNT III – WILLFUL AND WANTON

### (METELSKI)

1. through 17. Plaintiff adopts and realleges Paragraphs 1 - 17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 17 inclusive of Count III, as though fully set forth herein and incorporate the same by reference.

18. Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

19. At all times set forth in paragraphs 1 – 17, OFFICER METELSKI knew that the Plaintiff, AMY STACK, was a passenger in the CAMRY driven by Thomas Perconti.

20. At all times set forth in paragraphs 1 – 17, OFFICER METELSKI was engaged in the execution or enforcement of the law when he shot the Plaintiff, AMY STACK. Moreover, OFFICER METELSKI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest the driver of the CAMRY in which the plaintiff, AMY STACK, was a passenger.

21. As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

22. The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, AMY STACK, respectfully requests judgment against the Defendant, OFFICER MARK METELSKI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

5

## COUNT IV – BATTERY

### (City of BURBANK)

1. through 17. Plaintiff adopts and realleges Paragraphs 1 - 17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 17 inclusive of Count IV, as though fully set forth herein and incorporate the same by reference.

18. The conduct and force used by OFFICER METELSKI in discharging his weapon into the CAMRY in which the Plaintiff, AMY STACK, was a passenger was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

19. As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

20. The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

21. The Defendant, CITY OF BURBANK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including the OFFICER MARK METELSKI.

WHEREFORE, the Plaintiff, AMY STACK, respectfully requests judgment against the Defendant, CITY OF BURBANK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT V – ASSAULT

### (City of BURBANK)

6

1. through 17. Plaintiff adopts and realleges Paragraphs 1 - 17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 17 inclusive of Count V, as though fully set forth herein and incorporate the same by reference.

18. The conduct of Defendant, CITY OF BURBANK, by and through its agents and employees, OFFICER MARK METELSKI, Officers Coakley and Hansen, placed Plaintiff, AMY STACK in apprehension of immediate and imminent harm to her well being and safety, and She suffered great shame and humiliation and injury to her dignity and feelings, upsetting them mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, AMY STACK, respectfully requests judgment against the Defendant, CITY OF BURBANK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VI – WILLFUL AND WANTON
### (City of BURBANK)

1. through 17. Plaintiff adopts and realleges Paragraphs 1 - 17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 17 inclusive of Count VI, as though fully set forth herein and incorporate the same by reference.

18. Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or enforcement of the law.

19. At all times set forth in paragraphs 1 – 17, OFFICER METELSKI knew that the Plaintiff, AMY STACK, was a passenger in the CAMRY driven by Thomas Perconti.

20. At all times set forth in paragraphs 1 – 17, OFFICER METELSKI was engaged in the execution or enforcement of the law on behalf of BURBANK when he shot the Plaintiff,

AMY STACK. Moreover, OFFICER METELSKI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest the driver of the CAMRY in which the plaintiff, AMY STACK, was a passenger.

21. As a result of the aforementioned conduct of the BURBANK, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

22. The Plaintiff's injuries were the proximate result of BURBANK's aforementioned conduct.

WHEREFORE, the Plaintiff, AMY STACK, respectfully requests judgment against the Defendant, City of BURBANK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VII – 42 U.S.C. §1983

1. through 17. Plaintiff adopts and realleges Paragraphs 1 - 17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 17 inclusive of Count VII, as though fully set forth herein and incorporate the same by reference.

18. At all times set forth in paragraphs 1 – 17, OFFICER METELSKI knew that the Plaintiff, AMY STACK, was a passenger in the CAMRY driven by Thomas Perconti.

19. At all times set forth in paragraphs 1 – 17, OFFICER METELSKI was engaged in the execution or enforcement of the law when he shot the Plaintiff, AMY STACK.

20. Prior to May 11, 2007, BURBANK failed to properly train and supervise its officers, including, but not limited to OFFICER METELSKI, Officer Coakley and Officer Hansen regarding proper procedures to be used in apprehending a suspect in order to minimize the likelihood of injury to bystanders.

8

21. In addition, prior to May 11, 2007, BURBANK failed to discipline its officers, including, but not limited to OFFICER METELSKI, Officer Coakley and Officer Hansen, following police involved shootings such that its officers, including, but not limited to OFFICER METELSKI, Officer Coakley and Officer Hansen, were led to believe that the consequences of failing to follow proper procedure in police involved shootings were minimal or nonexistent.

22. As a result of the failure of BURBANK to properly train, supervise and discipline its officers, including, but not limited to OFFICER METELSKI, Officer Coakley and Officer Hansen, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

23. The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, AMY STACK, respectfully requests judgment against the Defendants, CITY OF BURBANK and OFFICER MARK METELSKI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

Respectfully submitted,

By: Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM LTD
Attorneys for Plaintiff
AMY STACK
120 West Madison Street, Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm Id. 37704

9

#07-312 EMR/RJR/cmb

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| AMY STACK, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. |
| CITY OF BURBANK, a Municipal Corporation and OFFICER MARK METELSKI | ) ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222(B), counsel for the above named plaintiff certifies that plaintiff seeks money damages in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00).

Respectfully submitted,

By: Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
AMY STACK
120 W. Madison St., Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm No: 37704