IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMY STACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    08 C 1925 |
| | ) | |
| CITY OF BURBANK, a Municipal Corporation and OFFICER MARK METELSKI, | ) ) | Judge Dow |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

NOW COME the defendants, the CITY OF BURBANK and OFFICER MARK METELSKI, by and through their attorneys, LOUIS F. CAINKAR, LTD., and for their answer and affirmative defenses to AMY STACK's complaint, state as follows:

## COMMON FACTUAL ALLEGATIONS

1. The Plaintiff, AMY STACK, is and at all times relevant herein, was a resident of the County of Cook and State of Illinois.

**ANSWER:** Defendants admit the truth of the averments made in paragraph 1.

2. The defendant, CITY OF BURBANK ("BURBANK"), is, and at all times relevant herein was, a Municipal Corporation, organized and existing under the laws of the State of Illinois. BURBANK is located in the County of Cook and State of Illinois.

**ANSWER:** Defendants admit the truth of the averments made in paragraph 2.

3.      At all relevant times herein, the Defendant, OFFICER MARK METELSKI ("METELSKI") was a sworn member of the BURBANK Police Department and was acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant, BURBANK, and the State of Illinois, under the authority of his office and within the scope of his employment as a police officer.

**ANSWER:**   Defendants admit that METELSKI was acting under color of law at all times relevant hereto.

4.      At all relevant times Officers Coakley, and Hansen were sworn members of BURBANK Police Department and were acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant, BURBANK, and the State of Illinois, under the authority of his office and within the scope of their employment as police officers.

**ANSWER:**   Defendants admit that Officers Coakley and Hansen were acting under color of law at all times relevant hereto.

5.      At all times herein, Officer Brongiel was a sworn member of the Alsip Police Department and was acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of the Village of Alsip, and the State of Illinois, under the authority of his office and within the scope of his employment as a police officer.

**ANSWER:**   Defendants admit that Officer Brongiel is an Alsip police officer but lack sufficient knowledge to form a belief as to the truth of the remaining averments in paragraph 5.

6.      On May 11, 2007, the Defendant, METELSKI, along with Officers Brongiel, Coakley and Hansen engaged in surveillance of a 2002 tan Toyota Camry ("CAMRY") which was stolen and had allegedly been used in a burglary.

**ANSWER:** Defendants deny that Officer Hansen was engaged in surveillance. Defendants admit the truth of the remaining averments made in paragraph 6.

7. Said surveillance began while the CAMRY was parked in the 9800 block of South Nottingham in the City of Chicago Ridge.

**ANSWER:** Defendants admit the truth of the averments made in paragraph 7.

8. During the time the CAMRY was parked METELSKI observed an unknown female, later identified as the plaintiff herein, AMY STACK, enter the passenger side of the CAMRY.

**ANSWER:** Defendants admit the truth of the averments made in paragraph 8.

9. METELSKI then observed Thomas Perconti, a suspect in the burglary and vehicle theft, enter the CAMRY.

**ANSWER:** Defendants admit the truth of the averments made in paragraph 9.

10. METELSKI, Coakley and Brongiel began to follow the CAMRY as it traveled onto northbound Harlem Avenue until it exited onto westbound 95th Street in Oak Lawn, Illinois.

**ANSWER:** Defendants admit the truth of the averments made in paragraph 10.

11. As the CAMRY proceeded westbound on 95th Street, METELSKI made the decision to "box" the CAMRY with his vehicle, the vehicle driven by Officer Brongiel and the vehicle being driven by Officer Hansen.

**ANSWER:** Defendants admit the truth of the averments made in paragraph 11.

12. All of the police vehicles involved in the occurrence were unmarked.

**ANSWER:**  Defendants admit the truth of the averments made in paragraph 12.

13.    METELSKI positioned his vehicle in front of the CAMRY, while Officer Brongiel positioned his vehicle on the driver's side of the CAMRY and Officer Hansen positioned his vehicle on the passenger's side of the Vehicle.

**ANSWER:**  Defendants admit the truth of the averments made in paragraph 13 except for the positioning of Hansen's vehicle.

14.    The intent of METELSKI was to surround the CAMRY with the unmarked police vehicles.

**ANSWER:**  Defendants deny the truth of the averments made in paragraph 14.

15.    When the unmarked police vehicles were positioned as indicated above METELSKI exited the driver's side of his vehicle and positioned himself next to the driver's side fender of the CAMRY while displaying his weapon.

**ANSWER:**  Defendants admit the truth of the averments made in paragraph 15 except the reference to the positioning of the vehicles.

16.    The driver of the CAMRY, Thomas Perconti, began to turn the wheel of the CAMRY at which time METELSKI discharged his weapon eight times into the CAMRY.

**ANSWER:**  Defendants deny the truth of the averments made in paragraph 16.

17.    As a result of METELSKI's discharge of his weapon, the plaintiff, AMY STACK, was struck by a bullet.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments made in paragraph 17.

## COUNT I - BATTERY
### (METELSKI)

1-17. Plaintiff adopts and realleges Paragraphs 1-17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-17 inclusive of Count I, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendants adopt and reallege their answers to paragraphs 1-17 of the complaint as their answers to paragraphs 1-17 of the Count I.

18. The conduct and force used by METELSKI toward the Plaintiff, AMY STACK, was intentional, malicious, excessive and in reckless disregard of the Plaintiff's constitutional rights. Moreover, the use of force used against Plaintiff was excessive.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 18.

19. As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 19.

20. The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 20.

WHEREFORE, Defendants respectfully request that this matter be dismissed with costs awarded in their favor.

## COUNT II – ASSAULT
### (METELSKI)

1-17.   Plaintiff adopts and realleges Paragraphs 1-17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-17 inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

**ANSWER:**   Defendants adopt and reallege their answers to paragraphs 1-17 of the complaint as their answers to paragraphs 1-17 of the Count II.

18.   The Defendants' conduct placed Plaintiff, AMY STACK in apprehension of immediate and imminent harm to her well being and safety, and she suffered great shame and humiliation and injury to her dignity and feelings, upsetting her mentally, emotionally and psychologically.

**ANSWER:**   Defendants deny the truth of the averments made in paragraph 18.

WHEREFORE, Defendants respectfully request that this matter be dismissed with costs awarded in their favor.

## COUNT III – WILLFUL AND WANTON
### (METELSKI)

1-17.   Plaintiff adopts and realleges Paragraphs 1-17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-17 inclusive of Count III, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendants adopt and reallege their answers to paragraphs 1-17 of the complaint as their answers to paragraphs 1-17 of the Count III.

18.  Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

**ANSWER:** Defendants object to the averments made paragraph 18 as they call for a legal conclusion. Without waiving said objection, Defendants deny the truth of the averments made in paragraph 18.

19.  At all times set forth in paragraphs 1-17, OFFICER METELSKI knew that the Plaintiff, AMY STACK, was a passenger in the CAMRY driven by Thomas Perconti.

**ANSWER:** Defendants admit that METELSKI had knowledge of two individuals being present in the CAMRY but deny the averment that he knew the identity of the passenger.

20.  At all times set forth in paragraphs 1-17, OFFICER METELSKI was engaged in the execution or enforcement of the law when he shot the Plaintiff, AMY STACK. Moreover, OFFICER METELSKI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest the driver of the CAMRY in which the plaintiff, AMY STACK, was a passenger.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averment that STACK was shot. Defendants deny the truth of the remaining averments made in paragraph 20 except that Defendants admit that METELSKI was engaged in the execution or enforcement of law.

21. As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 21.

22. The Plaintiff's injuries were the proximate result of the Defendant's aforementioned conduct.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 22.

WHEREFORE, Defendants respectfully request that this matter be dismissed with costs awarded in their favor.

## COUNT IV – BATTERY
### (City of BURBANK)

1-17. Plaintiff adopts and realleges Paragraphs 1-17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-17 inclusive of Count IV, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendants adopt and reallege their answers to paragraphs 1-17 of the complaint as their answers to paragraphs 1-17 of the Count IV.

18. The conduct and force used by OFFICER METELSKI in discharging his weapon into the CAMRY in which the Plaintiff, AMY STACK, was a passenger was intentional, malicious, excessive and in reckless disregard of the Plaintiff's constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 18.

19.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:**   Defendants deny the truth of the averments made in paragraph 19.

20.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:**   Defendants deny the truth of the averments made in paragraph 20.

21.     The Defendant, CITY OF BURBANK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including the OFFICER MARK METELSKI.

**ANSWER:**   Defendants deny the truth of the averments made in paragraph 21.

WHEREFORE, Defendants respectfully request that this matter be dismissed with costs awarded in their favor.

## COUNT V – ASSAULT
### (City of BURBANK)

1-17.    Plaintiff adopts and realleges Paragraphs 1-17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-17 inclusive of Count V, as though fully set forth herein and incorporates the same by reference.

**ANSWER:**    Defendants adopt and reallege their answers to paragraphs 1-17 of the complaint as their answers to paragraphs 1-17 of the Count V.

18.     The conduct of Defendant, CITY OF BURBANK, by and through its agents, employees, OFFICER MARK METELSKI, Officers Coakley and Hansen, placed Plaintiff, AMY STACK in apprehension of immediate and imminent harm to her well being and safety, and she suffered great shame and humiliation and injury to her dignity and feelings, upsetting her mentally, emotionally and psychologically.

**ANSWER:**   Defendants deny the truth of the averments made in paragraph 18.

WHEREFORE, Defendants respectfully request that this matter be dismissed with costs awarded in their favor.

## COUNT VI – WILLFUL AND WANTON
### (City of BURBANK)

1-17.   Plaintiff adopts and realleges Paragraphs 1-17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-17 inclusive of Count VI, as though fully set forth herein and incorporate the same by reference.

**ANSWER:**   Defendants adopt and reallege their answers to paragraphs 1-17 of the complaint as their answers to paragraphs 1-17 of the Count VI.

18.     Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

**ANSWER:**   Defendants object to the averments made paragraph 18 as they call for a legal conclusion.  Without waiving said objection, Defendants deny the truth of the averments made in paragraph 18.

19. At all times set forth in paragraphs 1-17, OFFICER METELSKI knew that the Plaintiff, AMY STACK, was a passenger in the CAMRY driven by Thomas Perconti.

**ANSWER:** Defendants admit that METELSKI had knowledge of two individuals being present in the CAMRY but deny the averment that he knew the identity of the passenger.

20. At all times set forth in paragraphs 1-17, OFFICER METELSKI was engaged in the execution or enforcement of the law on behalf of BURBANK when he shot the Plaintiff, AMY STACK. Moreover, OFFICER METELSKI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest the driver of the CAMRY in which the plaintiff, AMY STACK, was a passenger.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averment that STACK was shot. Defendants deny the truth of the remaining averments made in paragraph 20 except that Defendants admit that METELSKI was engaged in the execution or enforcement of law.

21. As a result of the aforementioned conduct of the BURBANK, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 21.

22. The Plaintiff's injuries were the proximate result of BURBANK's aforementioned conduct.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 22.

WHEREFORE, Defendants respectfully request that this matter be dismissed with costs awarded in their favor.

### COUNT VII – 42 U.S.C. §1983

1-17. Plaintiff adopts and realleges Paragraphs 1-17 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-17 inclusive of Count VII, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendants adopt and reallege their answers to paragraphs 1-17 of the complaint as their answers to paragraphs 1-17 of the Count VII.

18. At all times set forth in paragraphs 1-17, OFFICER METELSKI knew that the Plaintiff, AMY STACK, was a passenger in the CAMRY driven by Thomas Perconti.

**ANSWER:** Defendants admit that METELSKI had knowledge of two individuals being present in the CAMRY but deny the averment that he knew the identity of the passenger.

19. At all times set forth in paragraphs 1-17, OFFICER METELSKI was engaged in the execution or enforcement of law when he shot the Plaintiff, AMY STACK.

**ANSWER:** Defendants admit that METELSKI was engaged in the execution or enforcement of law but deny the remaining allegations made in paragraph 19.

20. Prior to May 11, 2007, BURBANK failed to properly train and supervise its officers, including, but not limited to OFFICER METELSKI, Officer Coakley and Officer Hansen regarding proper procedures to be used in apprehending a suspect in order to minimize the likelihood of injury to bystanders.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 20. Defendants further deny that the averments are constitutionally actionable.

21.     In addition, prior to May 11, 2007, BURBANK failed to discipline its officers, including, but not limited to OFFICER METELSKI, Officer Coakley and Officer Hansen, following police involved shooting such that its officers, including, but not limited to OFFICER METELSKI, Officer Coakley and Officer Hansen, were led to believe that the consequences of failing to follow proper procedure in police involved shootings were minimal and nonexistent.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 21. Defendants further deny that the averments are constitutionally actionable.

22.     As a result of the failure of BURBANK to properly train, supervise and discipline its officers, including, but not limited to OFFICER METELSKI, Officer Coakley and Officer Hansen, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 22. Defendants further have no knowledge of what Amendment they are alleged to have violated.

23.     The Plaintiff's injuries were the proximate result of Defendants' aforementioned conduct.

**ANSWER:** Defendants deny the truth of the averments made in paragraph 22.

WHEREFORE, Defendants respectfully request that this matter be dismissed with costs awarded in their favor.

## AFFIRMATIVE DEFENSES

1.    As to Counts I, II, and III, METELSKI is immune from suit pursuant to Section 2-201 of the Illinois Governmental and Governmental Employees Tort Immunity Act ("Act").

2.    As to Count III, METELSKI is immune from suit pursuant to Section 2-202 of the Act.

3.    As to Counts VI, V, and VI, BURBANK is not liable, pursuant to Section 2-109 of the Act, if its employee is not liable.

4.    As Count VII, METELSKI is entitled to qualified immunity.

## JURY DEMAND

Defendants hereby demand trial by jury.

                                    Respectfully submitted,

                                    S/         Joseph Cainkar
                                      One of Their Attorneys

Joseph Cainkar - 06281109
LOUIS F. CAINKAR, LTD.
Attorneys for the Defendants
30 North LaSalle Street - #3922
Chicago, Illinois 60602-3333
(312) 236-3985

**CERTIFICATE OF SERVICE**

    I, the undersigned, an attorney, on oath state: I served a copy of the Answer and Affirmative Defenses by e-mailing a copy to the CMT System for the Northern District of Illinois on April 16, 2008.


                                                             S/_____Joseph Cainkar_____
                                                               One of Their Attorneys